DocuSign Envelope ID: 81ABBD8F-EDED-48B9-8E70-4062A318E653

Filing reviewed on 4/5/2023 by Scott Grigg

Received
4/5/2023 10:48 AM
Judge Missildine - Precinct 3
Collin County, Texas

03-SC-23-00205

**Cause No.**

| | |
|---|---|
| DAVION ROBERTS, | **IN THE JUSTICE COURT** |
| Plaintiff, | |
| v. | **PRECINCT 3** |
| EXPERIAN INFORMTAION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC, | **COLLIN COUNTY, TEXAS** |
| Defendants. | |

## PLAINTIFF'S ORIGINAL VERIFIED PETITION

NOW COMES, Plaintiff DAVION ROBERTS, ("Plaintiff"), by and through his attorneys, Jaffer & Associates, PLLC, and brings this *Petition* against Defendants Experian Information Solutions, Inc. ("Experian"), and EQUIFAX INFORMATION SERVICES, LLC, ("Equifax") collectively referred to as the ("Defendant"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff reserves the right to petition this Court to engage in pretrial discovery pursuant to Rule 500.9 of the Texas Rules of Civil Procedure.

### JURISDICTION & VENUE

2.      This Court has personal jurisdiction over all the parties because both parties reside and/or engage in business in the State of Texas. Further, this Court has jurisdiction of this cause of action in that it involves an amount in controversy within the original jurisdiction of this Court.

3.      Plaintiffs seek monetary relief within this Court's jurisdictional limits.

4.      Venue in Collin County, Texas is proper in this cause pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because Defendant is headquartered in Collin County,

DocuSign Envelope ID: 81ABBD8F-EDED-48B9-8E70-4062A318E653

all or part of the events or omissions giving rise to this lawsuit occurred in Collin County, Texas.

### PARTIES AND SERVICE

5.       Plaintiff is a resident of Miami-Dade County, Florida.

6.       At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. §
1681a(c).

## EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian")

7.       Defendant Experian is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and
conducts substantial and regular business activities in this judicial district. Experian is a company
registered to do business in the State of Texas and may be served with process upon CT
Corporation System its registered agent for service of process, at 1999 Bryan St., Ste 900, Dallas,
TX 75201.

8.       At all times material hereto, Experian is a consumer reporting agency regularly engaged in
the business of assembling, evaluating and disbursing information concerning consumers for the
purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to
third parties.

9.       At all times material hereto, Experian disbursed such consumer reports to third parties
under a contract for monetary compensation.

## EQUIFAX INFORMATION SERVICES, LLC ("Equifax")

10.      Defendant Equifax Information Services, LLC, is a consumer reporting agency as defined
by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial
district. Equifax is a Georgia company registered to do business in the State of Texas and may be
served with process upon Corporation Service Company, its registered agent for service of process,
at 211 E. 7th Street, Suite 620, Austin, TX, 78701.

DocuSign Envelope ID: 81ABBD8F-EDED-48B9-8E70-4062A318E653

11.     At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

12.     At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

13.     As used herein, "consumer reporting agency," or "CRA," is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

### FACTUAL ALLEGATIONS

14.     Plaintiff incorporates by reference all of the above paragraphs of this *Petition* as though fully stated herein with the same force and effect as if the same were set forth at length herein.

15.     Plaintiff discovered that his identity was stolen and several credit accounts and addresses were opened on his consumer report with Experian.

16.     On or about February 8, 2023, Plaintiff notified Experian in a signed letter, **Exhibit A,** that the accounts, credit inquiries, and incorrect addresses listed on **Exhibit C** arose from alleged identity theft and requested Experian to block the identified accounts, credit inquires, and/or incorrect addresses. See copy of the signed dispute letter attached as **Exhibit A** and see copy of the Federal Trade Commission "FTC" identity theft report that shows the alleged fraudulent accounts attached as **Exhibit C.**

17.     On or about February 8, 2023, Plaintiff notified Equifax in a signed letter, **Exhibit B,** that

DocuSign Envelope ID: 81ABBD8F-EDED-48B9-8E70-4062A318E653

the accounts, credit inquiries, and incorrect addresses listed on **Exhibit C** arose from alleged

identity theft and requested Experian to block the identified accounts, credit inquires, and incorrect

addresses. See copy of the signed dispute letter attached as **Exhibit B** and see Exhibit **C.**

18.    Along with the disputes to Experian and Equifax, Plaintiff attached copies of his government

issued identification, proof of address, proof of his social security number, an FTC identity theft

report, Plaintiff's proof of identification, identification of the accounts and information resulting

from alleged identity theft, and a statement from the consumer that the information is not

information resulting from any transaction by the consumer.

19.    Plaintiff made a statement to Defendants that the account or information alleged to resulting

from identity theft were not accounts or information relating to any transaction by the Plaintiff.

20.    Plaintiff notified Defendants in his dispute(s) that he did not obtain possession of goods,

services, or money as a result of the accounts or information alleged as resulting from identity

theft.

21.    However, each time Experian and Equifax refused to block the information the Plaintiff

alleged resulted from identity theft without an explanation or reason within the timeframe allowed.

22.    The FCRA at § 1681c-2 reads:

    a.    **Block.** Except as otherwise provided in this section, **a consumer
reporting agency shall block the reporting of any information
in** the file of a consumer that the consumer identifies as information
that resulted from an alleged identity theft, <u>not later than 4 business
days</u> after the date of receipt by such agency of—

        (1)    appropriate proof of the identity of the consumer;

        (2)    a copy of an identity theft report;

        (3)    the identification of such information by the consumer; and

        (4)    a statement by the consumer that the information is not

DocuSign Envelope ID: 81ABBD8F-EDED-48B9-8E70-4062A318E653

information relating to any transaction by the consumer.

b.    **Notification.** A consumer reporting agency shall promptly notify the furnisher of information identified by the consumer under subsection (a) of this section—

(1)    that the information may be a result of identity theft;

(2)    that an identity theft report has been filed;

(3)    that a block has been requested under this section; and

(4)    of the effective dates of the block.

c.    **Authority to decline or rescind.**

(1)    In general. A consumer reporting agency may decline to block, or may rescind any block, of information relating to a consumer under this section, if the consumer reporting agency reasonably determines that—

(A)    the information was blocked in error or a block was requested by the consumer in error;

(B)    the information was blocked, or a block was requested by the consumer, on the basis of a material misrepresentation of fact by the consumer relevant to the request to block; or

(2)    the consumer obtained possession of goods, services, or money as a result of the blocked transaction or transactions.

(3)    Notification to consumer. If a block of information is declined or rescinded under this subsection, the affected consumer shall be notified promptly, in the same manner as consumers are notified of the reinsertion of information under section 1681i (a)(5)(B) of this title.

(4)    Significance of block. For purposes of this subsection, if a consumer reporting agency rescinds a block, the presence of information in the file of a consumer prior to the blocking of such information is not evidence of whether the consumer knew or should have known that the consumer obtained possession of any goods, services, or money as a result of the block.

23.    Experian is a consumer reporting agency as defined the FCRA.

DocuSign Envelope ID: 81ABBD8F-EDED-48B9-8E70-4062A318E653

24.     Experian received Plaintiff's dispute and request to block information on his Experian consumer report that resulted from alleged identity theft.

25.     Experian did not block the information identified by the Plaintiff as resulting from identity theft in **Exhibit C** within four business days from Experian receiving Plaintiff's initial dispute and blocking request.

26.     Equifax is a consumer reporting agency as defined the FCRA.

27.     It is averred and believed Equifax received Plaintiff's dispute and request to block information on his Equifax consumer report that resulted from alleged identity theft.

28.     Equifax did not block the information identified by the Plaintiff as resulting from identity theft in **Exhibit C** within four business days from Equifax receiving Plaintiff's initial dispute and blocking request.

29.     On or about March 22 2023, Experian sent an email that they did not take any action regarding Plaintiff's dispute due to Experian believing the dispute was not sent directly by or authorized by Plaintiff. See copy of email from Experian attached as **Exhibit D.**

30.     Without an adequate explanation, Experian erroneously continues to refuse to block the credit accounts at issue and continues to report false, inaccurate or incomplete information about the Plaintiff.

31.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct Plaintiff's credit report.

32.     Without an adequate explanation, Equifax erroneously continues to refuse to block the credit accounts at issue and continues to report false, inaccurate or incomplete information about the Plaintiff.

33.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure

to correct Plaintiff's credit report.

## FIRST CAUSE OF ACTION
### Willful Violation of 15 U.S.C. § 1681c-2(a) as to Defendant Experian

34.     Plaintiff incorporates by reference all of the above paragraphs of this *Verified Petition* as though fully state herein with the same force and effect as if the same were set forth at length herein.

35.     Experian willfully violated §1681c-2(a) when it failed to block the fraudulent accounts Plaintiff listed in **Exhibit B** within four business days of receiving the documentation from Plaintiff.

36.     Consumers may enforce the blocking requirements under the FCRA's liability provisions. *See Collins v. Experian Credit Reporting Serv.,* 2005 WL 204207 (D. Conn. Aug 24, 2005) (denying motion to dismiss claims under § 1681c-2).

37.     As a result of Experian's violation of 15 U.S.C. §1681c-2(a), there continues to be inaccurate and/or materially misleading information on Plaintiff's credit report, which has caused damages including but not limited to emotion distress, increased costs of credit, loss of time, loss of credit opportunity, and material risk of future financial harm if the information is not corrected.

38.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

39.     **WHERETOREFORE,** Plaintiff, an individual, demands judgment in his favor against Experian, for actual damages together with attorney's fees and court costs pursuant to 15 U.S.C.§ 1681(n).

### SECOND CAUSE OF ACTION
### Negligent Violation of 15 U.S.C. § 1681c-2(a) as to Defendant Experian

40.     Plaintiff incorporates by reference all of the above paragraphs of the *Verified Petition* as though fully stated herein with the same full force as if the same were set forth at length herein.

41.     Experian acted negligently when it failed to block Plaintiff's fraudulent accounts within four business days as required by the FCRA.

42.     As a result of Experian's violation of 15 U.S.C. §1681c-2(a), there continues to be inaccurate and/or materially misleading information on Plaintiff's credit report, which has caused damages including but not limited to emotion distress, increased costs of credit, loss of time, loss of credit opportunity, and material risk of future financial harm if the information is not corrected.

43.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

44.     **WHERETOREFORE,** Plaintiff, an individual, demands judgment in his favor against Experian, for actual damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

### THIRD CAUSE OF ACTION
### Willful Violation of 1681c-2(c)(2) as to Defendant Experian

45.     Plaintiff incorporates by reference all of the above paragraphs of this *Verified Petition* as though fully state herein with the same force and effect as if the same were set forth at length herein.

46.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

47.     Importantly, § 1681c-2(c)(2) requires CRAs to tell Plaintiff within five days what accounts Experian has declined to block after Plaintiff's allegation of identity theft.

48.     Experian violated 15 U.S.C. § 168lc-2(c)(2) by failing to timely notify Plaintiff of the

DocuSign Envelope ID: 81ABBD8F-EDED-48B9-8E70-4062A318E653

reason Experian failed to block the reporting of any information in the file that Plaintiff alleges as information resulting from identity theft.

49.     Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a.     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.     The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

c.     The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

d.     The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

e.     The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

f.     The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer

50.     As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

51.     The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

52.     Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

53.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### FOURTH CAUSE OF ACTION
### Negligent Violation of § 1681c-2(c)(2) as to Defendant Experian

54.    Plaintiff incorporates by reference all of the above paragraphs of this *Verified Petition* as though fully state herein with the same force and effect as if the same were set forth at length herein.

55.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

56.    Experian violated 15 U.S.C. § 168lc-2(c)(2) by failing to timely notify Plaintiff in the same manner as under § 1681i(a)(5)(B)(ii) as required by § 1681c-2(c)(2).

57.    § 1681c-2(c)(2) requires CRAs to tell Plaintiff within five days what accounts Experian has declined to block after Plaintiff's allegation of identity theft along with more information about Plaintiff's rights.

58.    Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    c.    The failure to timely and adequately investigate information which Experian had notice was inaccurate;

    d.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

DocuSign Envelope ID: 81ABBD8F-EDED-48B9-8E70-4062A318E653

e.    The failure to timely delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

f.    The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

59.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

60.    The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

61.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

### FIFTH CAUSE OF ACTION
### Willful Violation of § 1681i(a) as to Defendant Experian

62.    Plaintiff incorporates by reference all of the above paragraphs of this *Verified Petition* as though fully state herein with the same force and effect as if the same were set forth at length herein

63.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

64.    Experian violated 15 U.S.C. § 1681(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

65.    Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

66.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

67.    The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

68.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

69.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION
### Negligent Violation of § 1681(i)(a) as to Defendant Experian

70.    Plaintiff incorporates by reference all of the above paragraphs of this *Verified Petition* as though fully state herein with the same force and effect as if the same were set forth at length herein.

71.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

72.    Experian violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

73.    Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
   b.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;
   c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;
   d.    The failure to promptly and adequately investigate information which Experian had notice was inaccurate;
   e.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;
   f.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;
   g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;
   h.    The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

74.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by

loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

75.     The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

76.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

77.     **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

**SEVENTH CAUSE OF ACTION**
**Willful Violation of 15 U.S.C. § 1681c-2(a) as to Defendant Equifax**

78.     Plaintiff incorporates by reference all of the above paragraphs of this *Verified Petition* as though fully state herein with the same force and effect as if the same were set forth at length herein.

79.     Equifax willfully violated §1681c-2(a) when it failed to block the fraudulent accounts Plaintiff listed in **Exhibit B** within four business days of receiving the documentation from Plaintiff.

80.     Consumers may enforce the blocking requirements under the FCRA's liability provisions. *See Collins v. Experian Credit Reporting Serv.,* 2005 WL 204207 (D. Conn. Aug 24, 2005) (denying motion to dismiss claims under § 1681c-2).

81.     As a result of Equifax's violation of 15 U.S.C. §1681c-2(a), there continues to be inaccurate and/or materially misleading information on Plaintiff's credit report, which has caused damages including but not limited to emotion distress, increased costs of credit, loss of time, loss of credit opportunity, and material risk of future financial harm if the information is not corrected.

82.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

83.      **WHERETOREFORE,** Plaintiff, an individual, demands judgment in his favor against Equifax, for actual damages together with attorney's fees and court costs pursuant to 15 U.S.C.§ 1681(n).

### SECOND CAUSE OF ACTION
**Negligent Violation of 15 U.S.C. § 1681c-2(a) as to Defendant Equifax**

84.      Plaintiff incorporates by reference all of the above paragraphs of the *Verified Petition* as though fully stated herein with the same full force as if the same were set forth at length herein.

85.      Equifax acted negligently when it failed to block Plaintiff's fraudulent accounts within four business days as required by the FCRA.

86.      As a result of Equifax's violation of 15 U.S.C. §1681c-2(a), there continues to be inaccurate and/or materially misleading information on Plaintiff's credit report, which has caused damages including but not limited to emotion distress, increased costs of credit, loss of time, loss of credit opportunity, and material risk of future financial harm if the information is not corrected.

87.      Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

88.      **WHERETOREFORE,** Plaintiff, an individual, demands judgment in his favor against Equifax, for actual damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

### THIRD CAUSE OF ACTION
**Willful Violation of 1681c-2(c)(2) as to Defendant Equifax**

89.      Plaintiff incorporates by reference all of the above paragraphs of this *Verified Petition* as though fully state herein with the same force and effect as if the same were set forth at length herein.

DocuSign Envelope ID: 81ABBD8F-EDED-48B9-8E70-4062A318E653

90.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

91.     Importantly, § 1681c-2(c)(2) requires CRAs to tell Plaintiff within five days what accounts Equifax has declined to block after Plaintiff's allegation of identity theft.

92.     Equifax violated 15 U.S.C. § 168lc-2(c)(2) by failing to timely notify Plaintiff of the reason Equifax failed to block the reporting of any information in the file that Plaintiff alleges as information resulting from identity theft.

93.     Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

> g.      The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
>
> h.      The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;
>
> i.      The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;
>
> j.      The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;
>
> k.      The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;
>
> l.      The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer

94.     As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

95.    The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

96.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

97.    **WHEREFORE,** Plaintiff, an individual, demands judgment in his favor against Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION
### Negligent Violation of § 1681c-2(c)(2) as to Defendant Equifax

98.    Plaintiff incorporates by reference all of the above paragraphs of this *Verified Petition* as though fully state herein with the same force and effect as if the same were set forth at length herein.

99.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

100.    Equifax violated 15 U.S.C. § 168lc-2(c)(2) by failing to timely notify Plaintiff in the same manner as under § 1681i(a)(5)(B)(ii) as required by § 1681c-2(c)(2).

101.    § 1681c-2(c)(2) requires CRAs to tell Plaintiff within five days what accounts Equifax has declined to block after Plaintiff's allegation of identity theft along with more information about Plaintiff's rights.

102.    Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

      g.    The failure to follow reasonable procedures to assure the maximum
           possible accuracy of the information reported;

h.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

i.   The failure to timely and adequately investigate information which Equifax had notice was inaccurate;

j.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

k.   The failure to timely delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

l.   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

103.   As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

104.   The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

105.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

**FIFTH CAUSE OF ACTION**
**Willful Violation of § 1681i(a) as to Defendant Equifax**

106.   Plaintiff incorporates by reference all of the above paragraphs of this *Verified Petition* as though fully state herein with the same force and effect as if the same were set forth at length herein

107.   This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

108.    Equifax violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

109.    Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

 i. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

 j. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

 k. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

 l. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

 m. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

 n. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

 o. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

 p. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

110.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

111.    The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

112.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

113.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

<u>SIXTH CAUSE OF ACTION</u>
**Negligent Violation of § 1681(i)(a) as to Defendant Equifax**

114.    Plaintiff incorporates by reference all of the above paragraphs of this *Verified Petition* as though fully state herein with the same force and effect as if the same were set forth at length herein.

115.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

116.    Equifax violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

117.    Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    i.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    j.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    k.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    l.    The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    m.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    n.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

DocuSign Envelope ID: 81ABBD8F-EDED-48B9-8E70-4062A318E653

o.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

p.   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

118.   As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

119.   The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

120.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

121.   **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

1.   For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

2.   For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

3.   For Punitive damages provided and pursuant to 15 U.S.C. §1681n(a)(2);

4.   For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

5.   For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DocuSign Envelope ID: 81ABBD8F-EDED-48B9-8E70-4062A318E653

DATED:  March 17, 2023

Respectfully Submitted,

*/s/ Allen Robertson*

**SHAWN JAFFER**
SB 24107817
**ALLEN ROBERTSON**
SB 24076655
**ROBERT LEACH**
SB 24103582
**SHAKERIA NORTHCROSS**
SB 24116836

## JAFFER & ASSOCIATES, PLLC

5757 ALPHA RD SUITE 580
DALLAS, TX 75240
(T) **214.494.1871** (F) **888.509.3910**
(E) ALLEN@JAFFER.LAW ATTORNEYS@JAFFER.LAW
**ATTORNEYS FOR PLAINTIFF**

DocuSign Envelope ID: 81ABBD8F-EDED-48B9-8E70-4062A318E653

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, DAVION ROBERTS, declare the following:

1.  I have personal knowledge of the matters alleged in the foregoing Verified Petition;

2.  The allegation contained herein are true and correct; and

3.  I am a victim of identity theft.

I verify under the penalty of perjury that the foregoing is true and correct.

Executed this ___Davion___ day of ___Roberts___ 2023.

DocuSigned by:

*Davion Roberts*

157A531904894DF...

DAVION ROBERTS